IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RASHAN SARAD BROWN,

                                     Case No. 6:14-cv-00085-JE

       Petitioner,

  v.

JEFF PREMO,

                               FINDINGS AND RECOMMENDATION

       Respondent.

       Rashan Sarad Brown, 13240974
       Oregon State Penitentiary
       2605 State Street
       Salem, OR 97310-0505

              Petitioner, *Pro Se*

       Ellen F. Rosenblum, Attorney General
       Samuel A. Kubernick, Assistant Attorney General
       Department of Justice
       1162 Court Street NE
       Salem, Oregon 97310

             Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Aggravated Murder. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#6) should be dismissed.

<u>**BACKGROUND**</u>

Petitioner is serving a life sentence with no possibility of parole following his 2004 convictions on four counts of Aggravated Murder and one count of Conspiracy to Commit Aggravated Murder in the Umatilla County Circuit Court.[1] Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision in a written opinion, and the Oregon Supreme Court denied review. *State v. Brown*, 217 Or. App. 330, 176 P.3d 400 (2007); *rev. denied* 344 Or. 390, 181 P.3d 769 (2008). The Appellate Judgment issued on May 6, 2008.

On February 14, 2009, petitioner filed post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibit 104. The Oregon Court of Appeals affirmed the PCR trial court's decision without opinion. *Brown v. Premo*, 254 Or. App. 418, 295 P.3d 695 (2012). Petitioner did not seek review

---

[1] Petitioner's convictions merged into convictions for two counts of Aggravated Murder.

2 - FINDINGS AND RECOMMENDATION

by the Oregon Supreme Court and the Appellate Judgment issued on February 27, 2013.   Respondent's Exhibit 105.

Petitioner signed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus on January 9, 2014, which did not contain any grounds for relief.   On February 11, 2014, he signed his Amended Petition wherein he challenges the legality of his Indictment and the effectiveness of his trial and appellate attorneys.   Respondent asks the court to dismiss the Amended Petition because petitioner failed to timely file it.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996.   AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners.   The one-year period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3 - FINDINGS AND RECOMMENDATION

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Between the time petitioner's direct appeal had concluded (including the 90-day period in which he could have sought review in the U.S. Supreme Court) and the time he filed his PCR action in Marion County, 193 untolled days elapsed. Another 348 untolled days elapsed between the issuance of the PCR Appellate Judgment and the date petitioner signed his Amended Petition in this case containing his grounds for relief. Accordingly, by the court's calculation, 541 untolled days elapsed placing this action outside AEDPA's statute of limitations. Because petitioner fails to demonstrate that he is entitled to equitable tolling or otherwise eligible to overcome this default, the Amended Petition should be dismissed with prejudice.

4 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#6) should be dismissed with prejudice.  The court should issue a judgment wherein it dismisses this action and declines to grant a Certificate of Appealability because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due within 17 days.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th   day of February, 2015.


                    /s/ John Jelderks
                    John Jelderks
                    United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION