IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RASHAN SARAD BROWN,

        Petitioner,

    v.

JEFF PREMO,

        Respondent.

Case No. 6:14-cv-00085-JE

SUPPLEMENTAL FINDINGS AND
RECOMMENDATION

JELDERKS, Magistrate Judge.

On February 19, 2015, I issued a Findings and Recommendation ("F&R") in this 28 U.S.C. § 2254 action asking the court to dismiss the Amended Petition for Writ of Habeas Corpus (#6) because it is untimely. Following an objection period, Judge Anna J. Brown adopted the analysis from the F&R but declined to dismiss the Amended Petition with prejudice where petitioner's Objections

1 - SUPPLEMENTAL FINDINGS AND RECOMMENDATION


raised a new issue: whether petitioner was unable to file this action within the one-year statute of limitations in 28 U.S.C. § 2244(d) because his state post-conviction ("PCR") appellate attorney failed to timely notify him of the denial of his final state-court appeal.

Citing *Gibbs v. Legrand*, 767 F.3d 879 (9th Cir. 2014), Judge Brown recognized that such a failure can, under some circumstances, provide a basis for equitable tolling of the statute of limitations. She found the record in this case insufficient to resolve this issue, and referred the case back to me to permit the parties to supplement the factual record and provide supplemental briefing on the sole issue of whether the statute of limitations should be equitably tolled based on petitioner's PCR appellate attorney's failure to timely notify petitioner of the denial of his final state appeal.

## DISCUSSION

A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Attorney abandonment constitutes such an extraordinary circumstance, *Maples v. Thomas*, 132 S.Ct. 912, 923-24 (2012), and a finding of abandonment is appropriate where an attorney fails to inform his client that his case has been decided such that the

client's ability to bring further proceedings is adversely impacted. *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Although I allowed each of the parties an opportunity to supplement the record and provide briefing on the issue of equitable tolling, only respondent has done so.[1] Not only has petitioner failed to carry his burden, but the record as developed by the State reveals that petitioner's PCR appellate attorney diligently communicated with him throughout the course of the representation. Respondent's Exhibit 106. Counsel's correspondence with petitioner included a letter dated January 4, 2013, wherein he: (1) notified petitioner that the Oregon Court of Appeals had affirmed the PCR trial court's decision; (2) advised petitioner that he had no claims he could raise to the Oregon Supreme Court because he had not presented any claims to the Oregon Court of Appeals; and (3) included a copy of the appellate decision for petitioner's review. Respondent's Exhibit 106, Att. A, pp. 7-

---

[1] Petitioner's only contact with the court following his Objections to the F&R is an *ex parte* letter dated April 27, 2015 in which he neither argues that his PCR appellate counsel failed to adequately advise him of the termination of his appeal, nor supplements the record on this issue. Instead, he advises that he is going to contact the United Nations Security Council to file a criminal case against all members of Oregon's government involved in "secret court actions."

3 - SUPPLEMENTAL FINDINGS AND RECOMMENDATION

8. He notified petitioner that "[s]ometime during the next few weeks the Oregon Court of Appeals will issue a final appellate judgment. I will send you a copy of the appellate judgment when I receive it." Id.

The Appellate Judgment counsel referenced issued on February 27, 2013, and counsel sent petitioner a letter two days later alerting petitioner to this fact. Id, p. 10. Counsel included a copy of the Appellate Judgment as well as documents from petitioner's case file. Id. He also advised petitioner that he might wish to contact the Federal Public Defender's Office concerning possible federal relief. Id.

It is clear from the foregoing that petitioner's failure to timely file this case was not due to any failure on the part of his PCR appellate counsel to notify him of the status of his appeal. As a result, petitioner is not entitled to equitable tolling of the Anti-terrorism and Effective Death Penalty Act's one-year statute of limitations.

## RECOMMENDATION

Petitioner's Amended Petition for Writ of Habeas Corpus (#6) should be dismissed with prejudice. The court should issue a judgment wherein it dismisses this action and declines to grant a Certificate of Appealability because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

4 - SUPPLEMENTAL FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __5__ day of October, 2015.

*/s/ John Jelderks*
John Jelderks
United States Magistrate Judge